PER CURIAM.
D.T.S. appeals final order terminating his parental rights to his minor son, O.T.S., pursuant to consent under chapter 68 of the Florida Statutes. The court directed that the child be placed with the prospective adoptive parents, appellees J.M. and S.M., pending receipt of a favorable report under the Interstate Compact for Placement of Children. After the evidentiary hearing below, the father revoked his consent but the court rejected the revocation. We reverse, because there is insufficient evidentiary support for the court’s decision. See In re: Adoption of Baby E.A.W., 658 So.2d 961, 967 (Fla.1995). We affirm the father’s remaining issues without comment.
Section 68.062(1), Florida Statutes (2009), authorizes termination of parental rights pending adoption when the parents have executed written consent that complies with section 63.082, Florida Statutes (2009). Section 63.089, Florida Statutes (2009), permits the circuit court to terminate parental rights pending adoption when it has determined by clear and convincing evidence that the parent has “executed a valid consent under s. 63.082 and the consent was obtained according to the requirements of this chapter.”
It is undisputed that the father signed a consent form that was inconsistent with material provisions of section 63.082. Specifically, the consent form expressly allowed the father to withdraw his consent any time before placement of the child with the adoptive parents, which he did. Section 63.082(4)(c), however, provides only a three-day revocation period. In addition, the transcript of the hearing demonstrates, and the lower court found in the final order, that the father’s testimony on the issue of consent was equivocal. These factors undermine the validity of the father’s consent to adopt under chapter 63.
We reverse and remand the order terminating parental rights and direct the lower court to dismiss appellees’ petition for involuntary termination of parental rights.
WOLF, BENTON, and PADOVANO, JJ., concur.